# Exhibit 1

FILED
5th JUDICIAL DISTRICT COURT
Lea County
9/1/2021 5:11 PM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

**STATE OF NEW MEXICO**
**COUNTY OF LEA**
**FIFTH JUDICIAL DISTRICT**

PATSY WOODELL, an individual, )
)
Plaintiff, )
)
v. )
)
)
VIVINT, INC., VIVINT SMART HOME; )    **COMPLAINT FOR DAMAGES**
JOHN DOE SALES REPRESENTATIVE; )    Product Liability
JOHN DOE INSTALLATION )
TECHNICIAN; )
JOHN and JANE DOES I-X; BLACK and )
WHITE COPORATIONS I-X; ABC )    D-506-CV-2021-00803
PARTNERSHIPS I-X; and ABC )    Case assigned to Stone, Michael H.
ORGANIZATIONS I-X, )
)
Defendants. )
)

## COMPLAINT TO RECOVER
## DAMAGES FOR PRODUCT LIABILITY

**COMES NOW** Plaintiff Patsy Woodell (Plaintiff hereinafter), by and through her attorney of record, Joseph M. Zebas of Zebas Law Firm, L.L.C., for her complaint against Defendant Vivint Inc., Defendant Vivint SmartHome ("Defendant Vivint" hereinafter), Defendant John Doe Sales Representative ("Defendant Sales Representative" hereinafter), and Defendant Sales Technician ("Defendant Sales Technician" hereinafter) states:

## PARTIES

1. Plaintiff is a resident of the City of Eunice, County of Lea, State of New Mexico.

2. Defendant Vivint Inc. is a foreign limited liability company, doing business in the City of Espanola, County of Rio Arriba, State of New Mexico. Defendant Vivint Inc, has its principal place of business in the State of Utah. Defendant Vivint

1

designed, manufactured, and distributed the V-PANIC2-345 Security Signaling Equipment.

3.     Defendant Vivint SmartHome is a domestic nonprofit corporation located in the City of Provo, County of Utah, State of Utah. Defendant Vivint Inc. has its principal place of business in the State of Utah. Defendant Vivint SmartHome is a representative of Vivint Inc. and the principal place of business in New Mexico is in Espanola, New Mexico.

4.     Defendant Sales Representative is a relevant subject of this complaint as an employee and/or representative of Defendant Vivint. Defendant Sales Representative is named in their official and unofficial capacity.

5.     Defendant Installation Technician is a relevant subject of this complaint as an employee and/or representative of Defendant Vivint. Defendant Installation Technician is named in their official and unofficial capacity.

6.     Defendants John and Jane Does 1-X and Black and White Corporations 1-X are fictitiously named defendants, who may have committed wrongful acts, which caused or contributed to Plaintiff's injuries and damages. When the true identities of these Defendant are known, leave of this court will be sought to amend this complaint accordingly.

## JURISDICTION AND VENUE

7.     The incident giving rise to this suit occurred on or about September 2, 2018, at the home of Plaintiff at 1607 9th Street, within the City of Eunice, County of Lea, State of New Mexico.

8. Pursuant to NMSA 38-3-1, this action properly lies in the Fifth Judicial District Court for the County of Lea in the State of New Mexico because, upon information and belief, (1) Defendants do business within, reside in, or has significant contacts within Lea County, New Mexico, and (2) a substantial part of the events or occurrences giving rise to this claim occurred in Lea County, New Mexico.

9. Pursuant to the statutory and constitutional laws of the State of New Mexico, this Court has jurisdiction over the parties and the subject matter of this action.

## MATERIAL FACTS AND PRELIMINARY STATEMENT

10. Plaintiff is a senior citizen age 88 years old.

11. On or before March 26, 2014, Plaintiff and Defendant Vivint entered into a contract to provide security services for the Plaintiff including but not limited to:

(a) Intrusion (b) Fire/Smoke (c)Emergency/ Duress (d)Medical Emergency (e) Perimeter Doors (f) Perimeter Windows (g) Interior Motion Sensor

12. On or about March 26, 2014 a Certificate of System Installation was issued after the system was installed and by Defendant Installation Technician. This certificate states, "The system is monitored 24 hours a day by a UL-listed central monitoring station, which will dispatch the proper authorities in the event that an emergency signal is received" with the Control Equipment Name and Model Number: Go Control.

13. On or before May 2, 2017, Plaintiff and Defendant Sales Representative of Defendant Vivint SmartHome entered into a contract to provide life alert services to the Plaintiff in addition to home security.

3

14. On or about May 2, 2017, Defendant Installation Technician delivered the V-PANIC2-345 Security Signaling Equipment to Plaintiff's home residence located at 1607 9th Street in Eunice, New Mexico.

15. Defendant Installation Technician gave Plaintiff verbal instructions on how to the V-PANIC2-345 would notify the monitoring system 24 hours a day if pressed and the monitoring system would send emergency services right away.

16. On September 2, 2018 at 6:00 pm, Plaintiff fell and broke her hip at her residence at 1607 9th Street in Eunice, New Mexico. Plaintiff did as she was instructed by Defendant Installation Technician to do in case of an emergency and applied pressure to the V-PANIC2-345 for help to be sent to her at her home.

17. Plaintiff laid in the position where she fell with her broken hip for over 12 hours while constantly pushing the V-PANIC2-345 to receive the assured and certified emergency services not never arrived.

18. Plaintiff was found on September 3, 2018 at 7:50 am by her housekeeper and 911 was called to her residence.

19. Plaintiff was taken by Eunice Ambulance Emergency Services to Lea Regional Hospital in Hobbs. Plaintiff was then airlifted to University Medical Center in Lubbock, Texas due to severity of her injuries.

20. Plaintiff's injuries and the need for blood transfusions were exacerbated due to the amount of time she spent on her floor with no access to immediate help as promised by the V-PANIC2-345.

21. Plaintiff upon release from University Medical Center was then transferred by ambulance to Encompass Health in Midland, Texas for rehabilitation due to the severity of her injuries.

22. Defendant Vivint Inc., Defendant SmartHome and Defendant Installation Technician added to this injury by having a defective product and failing to meet the contractual promise of access to emergency services 24 hours a day when an emergency did arise.

## COUNT I: NEGLIGENCE AS TO DEFENDANTS

23. Plaintiff incorporates by reference all allegations contained in paragraphs 1-22 of the complaint as fully set forth herein.

24. Defendant Vivint Inc., Defendant Vivint SmartHome and Defendant Sales Technician acted in a negligent fashion due to the fact that the access to emergency services being provided 24 hours a day with a push of the V-PANIC2-345 was not provided as promised in the contract.

25. Had Defendants' product worked as promised the emergency help promised to the Plaintiff, they would have arrived to help her in her dire time.

26. Due to Defendants' negligent actions, Plaintiff suffered in agonizing pain, fear for her life and subsequent long-term repercussions from the delay in emergency services arriving to help treat her upon arrival and getting her to a hospital in an expedited time frame to stop progression in the extent and severity of her injuries.

## COUNT II: NEGLIGENT ENTRUSTMENT

27.    Plaintiff incorporates by reference all allegations contained in paragraphs 1-26 of the complaint as fully set forth herein.

28.    Plaintiff entrusted Defendant Vivint Inc. and Defendant Vivint SmartHome, with her health, wellness and safety. Defendant Vivint Inc. and Defendant Vivint SmartHome hired Defendant Sales Technician. Defendant Sales Technician's actions caused Plaintiff to trust that the product he brought to her home and demonstrated would work as promised.

29.    Defendants failed to uphold the standard of care for Plaintiff, and caused irreparable damage to Plaintiff.

## COUNT III: PRODUCT LIABILITY

30.    Plaintiff incorporates by reference all allegations contained in paragraphs 1-29 of the complaint as fully set forth herein.

31.    Defendant Vivint Inc. and Vivint SmartHome are strictly liable to Plaintiff in the following respects:

32.    Defendant Vivint Inc. and Defendant Vivint SmartHome designed, manufactured, assembled, distribute, conveyed and/or sold the V-PANIC2-345 to Plaintiff.

33.    The V-PANIC2-345 was defective because it failed to perform effectively for the purpose which it was originally designed.

34.    The product was used in the manner in which it was intended by Plaintiff as best as of her abilities. Which became an unreasonably dangerous and ineffective product which constituted an unreasonable risk of danger and injury to Plaintiff as follows:

a. The V-PANIC2-345 was sold in a defective condition by design and manufacture.

b. The V-PANIC2-345 as designed and manufactured was unsafe to Plaintiff.

c. The V-PANIC2-345 did not perform safely as an ordinary consumer/patient, like Plaintiff, would expect.

d. Any other acts or failures to act by Defendant Vivint Inc. and Vivint SmartHome regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of V-PANIC2-345 intended use as will be learned during discovery.

35. The supplier of a product has a duty to use ordinary care to avoid a foreseeable risk of injury caused by a condition of the product or manner in which it is used. This duty is owed to persons who can reasonably be expected to use the product like that of Plaintiff Woodell's use of V-PANIC2-345.

36. The supplier's duty to use ordinary care continues after the product has left its possession. A supplier who later learns, or in the exercise of ordinary care should know, of a risk of injury caused by a condition of the product or manner in which it could be used.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates by reference all allegations contained in paragraphs 1-36 of the complaint as fully set forth herein.

38. Defendant Vivint Inc. and Vivint SmartHome is liable to Plaintiff for the negligent infliction of emotional distress as described as follows:

7

a. Plaintiff suffered severe emotional distress, which was as a result of the Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the V-PANIC2-345 for the activation of emergency services use.

b. Plaintiff suffered severe emotional distress, which was as a result of the Defendant's negligent conduct in failing to adequately and safely design and construct an effective and safe V-PANIC2-345 for emergency use.

c. Therefore, Defendant Vivint Inc., and Defendant Vivint SmartHome is liable to Plaintiff.

d. Defendant Vivint Inc. and Vivint SmartHome Inc. conducted in continuing to market, sell and distribute the V-PANIC2-345 after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Defendant Vivint Inc. and Vivint SmartHome and others from similar conduct in the future.

WHEREFORE, Plaintiff demands judgement against the Defendants for damages, costs and a trial by jury.

## COUNT V: DAMAGES

39. Plaintiff incorporates by reference all allegations contained in paragraphs 1-38 of the complaint as fully set forth herein.

40.  The negligent, grossly negligent, careless and/or reckless conduct by Defendants includes, but is not limited to, the following:

    a.    Intentional gross negligent actions;

    b.    Malicious intent;

    c.    Willful or wanton disregard; and

    d.    No concern for Plaintiff's health nor safety.

41.  As a direct and proximate result of the negligent, grossly negligent, careless and/or reckless actions of the Defendants, Plaintiff suffered injuries to her body, both temporary and permanent; endured pain and suffering, both physical and mental; incurred medical expenses, travel expenses to treat the wound, has undergone medical treatment, will undergo medical treatment in the future; has suffered loss of enjoyment of life; have been unable to engage in normal family, social, recreational and household services and activities; lost income; and other damages which will continue into the future. Plaintiff is entitled to compensation for her damages.

42.  Defendants' violation of the New Mexico statutes constitutes negligence as a matter of law.

43.  Defendants' negligence was a proximate cause of the injuries and damages to Plaintiff as described herein above.

44.  Defendants' actions were grossly negligent, willful, wanton or in reckless disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

9

a. For reasonable compensatory damages, which involves lost wages, medical expenses and future medical expenses;

b. For punitive damages;

c. For pre-judgment and post-judgment interest; and

d. For the cost of this action, and for such other and further relief that the Court deems just and proper.

Submitted by:

**ZEBAS LAW FIRM, L.L.C.**
By: *Is/ Joseph M. Zebas*
Joseph M. Zebas, Esq.
P.O. Box 1675
Hobbs, NM 88241
T: 575-393-1024
F: 575-393-1234
joe.zebas@zebaslaw.com
*Attorney for Plaintiff*



## Service of Process Transmittal Summary

**TO:**    Kent Hansen
Vivint, Inc.
4931 N 300 W
PROVO, UT 84604-5816

**RE:**    **Process Served in New Mexico**

**FOR:**    Vivint, Inc.  (Domestic State: UT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PATSY WOODELL,an individual, // To: Vivint, Inc. |
| **CASE #:** | D506CV202100803 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Espanola, NM |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 09/02/2022 |
| **JURISDICTION SERVED:** | New Mexico |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Kent Hansen  kent.hansen@vivint.com |
| | Email Notification,  SONYA RUSSELL  sonya.russell@vivint.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 206 S Coronado Ave |
| | Espanola, NM 87532 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

$9.65°
US POSTAGE
FIRST CLASS



7019 0140 0000 2661 2038

Zebas Law Firm L.L.C.
502 West Alto Drive
Hobbs, NM 88240

CT Corporation System
206 S. Coronado Ave
Espanola, NM 87532

| SUMMONS FOR COMPLAINT | |
|---|---|
| Fifth District Court:<br>Lea County, New Mexico<br>Court Address:<br>~~100 North Main~~ 100 N. Love St. Box 1A<br>Lovington, NM 88260<br>Court Telephone No.:(575) 396-8521 | Case No.:<br>D-506-CV-2021-00803<br><br>Judge:<br>Michael H. Stone |
| Plaintiff(s):<br>PATSY WOODELL,<br>v.<br>Defendant(s):<br>VIVINT, INC., et al. | Defendant Name:<br>VIVINT, INC.<br>Address:<br>In care of Registered Agent,<br>CT Corporation System<br>206 S. Coronado Ave<br>Espanola, NM 87532 |

TO THE ABOVE-NAMED DEFENDANT(S): Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule-1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Lovington, New Mexico, this 29th day of August, 2022.

CLERK OF COURT

By: *[signature]*
   Deputy

/s/Joseph M. Zebas
Signature of Attorney for Plaintiff
Name: Joseph M. Zebas
Address: P.O. Box 1645, Hobbs, NM 88241-1645
Telephone: (575) 393-1024
Fax No.: (575) 393-1234

THIS SUMMONS ~~IS ISSUED~~ PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE ~~FOR~~ DISTRICT COURTS.

ORIGINAL: To Be Returned to Clerk of District Court for Filing.

**RETURN**

STATE OF NEW MEXICO )
) ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ] to _____, an agent authorized to receive service of process for defendant _____

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ] to _____ (name of person), _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

_____                 Fees: _____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, 2022.

Judge, notary or other officer
authorized to administer oaths

_____
Official title

USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico County, the signature of the sheriff or deputy need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective for all cases filed or pending on or after January 7, 2013.]

## SUMMONS FOR COMPLAINT

| Fifth District Court: | Case No.: |
|---|---|
| Lea County, New Mexico | D-506-CV-2021-00803 |
| Court Address: ~~100 North Main~~ 100 N. Love St. Box 1A | Judge: |
| Lovington, NM 88260 | Michael H. Stone |
| Court Telephone No.:(575) 396-8521 | |
| Plaintiff(s): | Defendant Name: |
| PATSY WOODELL, | VIVINT, INC. |
| v. | Address: |
| Defendant(s): | In care of Registered Agent, |
| VIVINT, INC., et al. | CT Corporation System |
| | 206 S. Coronado Ave |
| | Espanola, NM 87532 |

TO THE ABOVE-NAMED DEFENDANT(S): Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule-1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Lovington New Mexico, this 29th day of August , 2022.
CLERK OF COURT
By _[signature]_
Deputy

/s/Joseph M. Zebas
Signature of Attorney for Plaintiff
Name: Joseph M. Zebas
Address: P.O. Box 1645, Hobbs, NM 88241-1645
Telephone: (575) 393-1024
Fax No.: (575) 393-1234

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

ORIGINAL: To Be Returned to Clerk of District Court for Filing.

**RETURN**

STATE OF NEW MEXICO )
                     ) ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that.I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ] to _____, an agent authorized to receive service of process for defendant _____

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ] to _____ (name of person), _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, 2022.

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico County, the signature of the sheriff or deputy need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective for all cases filed or pending on or after January 7, 2013.]

| SUMMONS FOR COMPLAINT | |
|---|---|
| Fifth District Court:<br>Lea County, New Mexico<br>Court Address:<br>~~100 North Main~~ 100 N. Love St. Box 1A<br>Lovington, NM 88260<br>Court Telephone No.:(575) 396-8521 | Case No.:<br>D-506-CV-2021-00803<br><br>Judge:<br>Michael H. Stone |
| Plaintiff(s):<br>PATSY WOODELL,<br>v.<br>Defendant(s):<br>VIVINT, INC., et al. | Defendant Name:<br>VIVINT SMART HOME<br>Address:<br>In care of Registered Agent,<br>CT Corporation System<br>206 S. Coronado Ave<br>Espanola, NM 87532 |

TO THE ABOVE-NAMED DEFENDANT(S): Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule-1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Lovington, New Mexico, this 29th day of August, 2022.

CLERK OF COURT

By: _____     /s/Joseph M. Zebas

    Deputy                  Signature of Attorney for Plaintiff

                             Name: Joseph M. Zebas

                             Address: P.O. Box 1645, Hobbs, NM 88241-1645

                             Telephone: (575) 393-1024

                             Fax No.: (575) 393-1234

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO          )
                             ) ss
COUNTY OF _____      ) .

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]     to _____, an agent authorized to receive service of process for defendant _____

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]     to _____ (name of person), _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

_____          Fees: _____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, 2022.

                                    _____
                                    Judge, notary or other officer
                                    authorized to administer oaths

                                    _____
                                    Official title

**USE NOTE**

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico County, the signature of the sheriff or deputy need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective for all cases filed or pending on or after January 7, 2013.]

| SUMMONS FOR COMPLAINT | |
|---|---|
| Fifth District Court:<br>Lea County, New Mexico<br>Court Address:<br>~~100 North Main~~ 100 N. Love St. Box 1A<br>Lovington, NM 88260<br>Court Telephone No.:(575) 396-8521 | Case No.:<br>D-506-CV-2021-00803<br><br>Judge:<br>Michael H. Stone |
| Plaintiff(s):<br>PATSY WOODELL,<br>v.<br>Defendant(s):<br>VIVINT, INC., et al. | Defendant Name:<br>VIVINT SMART HOME<br>Address:<br>In care of Registered Agent,<br>CT Corporation System<br>206 S. Coronado Ave<br>Espanola, NM 87532 |

TO THE ABOVE-NAMED DEFENDANT(S): Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule-1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Lovington, New Mexico, this 29th day of August, 2022.

CLERK OF COURT

By: _____        /s/Joseph M. Zebas
    Deputy        Signature of Attorney for Plaintiff
                        Name: Joseph M. Zebas
                        Address: P.O. Box 1645, Hobbs, NM 88241-1645
                        Telephone: (575) 393-1024
                        Fax No.: (575) 393-1234

THIS SUMMONS ~~RSUANT TO RULE~~ 1-004 OF THE NEW MEXICO RULES OF CIVIL PROC~~~~ ~~STRICT~~ COURTS.

**RETURN**

STATE OF NEW MEXICO  )
                     ) ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ]    to _____, an agent authorized to receive service of process for defendant _____

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]    to _____ (name of person), _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

                                           Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, 2022.

                                           _____
                                           Judge, notary or other officer
                                           authorized to administer oaths

                                           _____
                                           Official title

USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico County, the signature of the sheriff or deputy need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective for all cases filed or pending on or after January 7, 2013.]

FILED
5th JUDICIAL DISTRICT COURT
Lea County
9/1/2021 5:11 PM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

**STATE OF NEW MEXICO**
**COUNTY OF LEA**
**FIFTHJUDICIAL DISTRICT**

PATSY WOODELL, an individual,    )
                              )
       Plaintiff,    )
                              )
v.    )
                              )

VIVINT, INC., VIVINT SMART HOME;    )
JOHN DOE SALES REPRESENTATIVE;    )    **COMPLAINT FOR DAMAGES**
JOHN DOE INSTALLATION    )             Product Liability
TECHNICIAN;    )
JOHN and JANE DOES I-X; BLACK and    )
WHITE COPORATIONS I-X; ABC    )        D-506-CV-2021-00803
PARTNERSHIPS I-X; and ABC    )    Case assigned to Stone, Michael H.
ORGANIZATIONS I-X,    )
                              )
       Defendants.    )

## COMPLAINT TO RECOVER
## DAMAGES FOR PRODUCT LIABILITY

    **COMES NOW** Plaintiff Patsy Woodell (Plaintiff" hereinafter), by and through her

attorney of record, Joseph M. Zebas of Zebas Law Firm, L.L.C., for her complaint against

Defendant Vivint Inc., Defendant Vivint SmartHome ("Defendant Vivint" hereinafter), Defendant

John Doe Sales Representative ("Defendant Sales Representative" hereinafter), and Defendant

Sales Technician ("Defendant Sales Technician" hereinafter) states:

### PARTIES

1.    Plaintiff is a resident of the City of Eunice, County of Lea, State of New Mexico.

2.    Defendant Vivint Inc. is a foreign limited liability company, doing business in the

    City of Espanola, County of Rio Arriba, State of New Mexico. Defendant Vivint

    Inc, has its principal place of business in the State of Utah. Defendant Vivint

1

designed, manufactured, and distributed the V-PANIC2-345 Security Signaling Equipment.

3.    Defendant Vivint SmartHome is a domestic nonprofit corporation located in the City of Provo, County of Utah, State of Utah. Defendant Vivint Inc. has its principal place of business in the State of Utah. Defendant Vivint SmartHome is a representative of Vivint Inc. and the principal place of business in New Mexico is in Espanola, New Mexico.

4.    Defendant Sales Representative is a relevant subject of this complaint as an employee and/or representative of Defendant Vivint. Defendant Sales Representative is named in their official and unofficial capacity.

5.    Defendant Installation Technician is a relevant subject of this complaint as an employee and/or representative of Defendant Vivint. Defendant Installation Technician is named in their official and unofficial capacity.

6.    Defendants John and Jane Does 1-X and Black and White Corporations 1-X are fictitiously named defendants, who may have committed wrongful acts, which caused or contributed to Plaintiff's injuries and damages. When the true identities of these Defendant are known, leave of this court will be sought to amend this complaint accordingly.

### JURISDICTION AND VENUE

7.    The incident giving rise to this suit occurred on or about September 2, 2018, at the home of Plaintiff at 1607 9th Street, within the City of Eunice, County of Lea, State of New Mexico.

8.   Pursuant to NMSA 38-3-1, this action properly lies in the Fifth Judicial District Court for the County of Lea in the State of New Mexico because, upon information and belief, (1) Defendants do business within, reside in, or has significant contacts within Lea County, New Mexico, and (2) a substantial part of the events or occurrences giving rise to this claim occurred in Lea County, New Mexico.

9.   Pursuant to the statutory and constitutional laws of the State of New Mexico, this Court has jurisdiction over the parties and the subject matter of this action.

## MATERIAL FACTS AND PRELIMINARY STATEMENT

10.  Plaintiff is a senior citizen age 88 years old.

11.  On or before March 26, 2014, Plaintiff and Defendant Vivint entered into a contract to provide security services for the Plaintiff including but not limited to:

     (a) Intrusion (b) Fire/Smoke (c)Emergency/ Duress (d)Medical Emergency (e) Perimeter Doors (f) Perimeter Windows (g) Interior Motion Sensor

12.  On or about March 26, 2014 a Certificate of System Installation was issued after the system was installed and by Defendant Installation Technician. This certificate states, "The system is monitored 24 hours a day by a UL-listed central monitoring station, which will dispatch the proper authorities in the event that an emergency signal is received" with the Control Equipment Name and Model Number: Go Control.

13.  On or before May 2, 2017, Plaintiff and Defendant Sales Representative of Defendant Vivint SmartHome entered into a contract to provide life alert services to the Plaintiff in addition to home security.

3

14. On or about May 2, 2017, Defendant Installation Technician delivered the V-PANIC2-345 Security Signaling Equipment to Plaintiff's home residence located at 1607 9th Street in Eunice, New Mexico.

15. Defendant Installation Technician gave Plaintiff verbal instructions on how to the V-PANIC2-345 would notify the monitoring system 24 hours a day if pressed and the monitoring system would send emergency services right away.

16. On September 2, 2018 at 6:00 pm, Plaintiff fell and broke her hip at her residence at 1607 9th Street in Eunice, New Mexico. Plaintiff did as she was instructed by Defendant Installation Technician to do in case of an emergency and applied pressure to the V-PANIC2-345 for help to be sent to her at her home.

17. Plaintiff laid in the position where she fell with her broken hip for over 12 hours while constantly pushing the V-PANIC2-345 to receive the assured and certified emergency services not never arrived.

18. Plaintiff was found on September 3, 2018 at 7:50 am by her housekeeper and 911 was called to her residence.

.19. Plaintiff was taken by Eunice Ambulance Emergency Services to Lea Regional Hospital in Hobbs. Plaintiff was then airlifted to University Medical Center in Lubbock, Texas due to severity of her injuries.

20. Plaintiff's injuries and the need for blood transfusions were exacerbated due to the amount of time she spent on her floor with no access to immediate help as promised by the V-PANIC2-345.

21. Plaintiff upon release from University Medical Center was then transferred by ambulance to Encompass Health in Midland, Texas for rehabilitation due to the severity of her injuries.

22. Defendant Vivint Inc., Defendant SmartHome and Defendant Installation Technician added to this injury by having a defective product and failing to meet the contractual promise of access to emergency services 24 hours a day when an emergency did arise.

## COUNT I: NEGLIGENCE AS TO DEFENDANTS

23. Plaintiff incorporates by reference all allegations contained in paragraphs 1-22 of the complaint as fully set forth herein.

24. Defendant Vivint Inc., Defendant Vivint SmartHome and Defendant Sales Technician acted in a negligent fashion due to the fact that the access to emergency services being provided 24 hours a day with a push of the V-PANIC2-345 was not provided as promised in the contract.

25. Had Defendants' product worked as promised the emergency help promised to the Plaintiff, they would have arrived to help her in her dire time.

26. Due to Defendants' negligent actions, Plaintiff suffered in agonizing pain, fear for her life and subsequent long-term repercussions from the delay in emergency services arriving to help treat her upon arrival and getting her to a hospital in an expedited time frame to stop progression in the extent and severity of her injuries.

## COUNT II: NEGLIGENT ENTRUSTMENT

27.     Plaintiff incorporates by reference all allegations contained in paragraphs 1-26 of the complaint as fully set forth herein.

28.     Plaintiff entrusted Defendant Vivint Inc. and Defendant Vivint SmartHome, with her health, wellness and safety. Defendant Vivint Inc. and Defendant Vivint SmartHome hired Defendant Sales Technician. Defendant Sales Technician's actions caused Plaintiff to trust that the product he brought to her home and demonstrated would work as promised.

29.     Defendants failed to uphold the standard of care for Plaintiff, and caused irreparable damage to Plaintiff.

## COUNT III: PRODUCT LIABILITY

30.     Plaintiff incorporates by reference all allegations contained in paragraphs 1-29 of the complaint as fully set forth herein.

31.     Defendant Vivint Inc. and Vivint SmartHome are strictly liable to Plaintiff in the following respects:

32.     Defendant Vivint Inc. and Defendant Vivint SmartHome designed, manufactured, assembled, distribute, conveyed and/or sold the V-PANIC2-345 to Plaintiff.

33.     The V-PANIC2-345 was defective because it failed to perform effectively for the purpose which it was originally designed.

34.     The product was used in the manner in which it was intended by Plaintiff as best as of her abilities. Which became an unreasonably dangerous and ineffective product which constituted an unreasonable risk of danger and injury to Plaintiff as follows:

a.  The V-PANIC2-345 was sold in a defective condition by design and manufacture.

b.  The V-PANIC2-345 as designed and manufactured was unsafe to Plaintiff.

c.  The V-PANIC2-345 did not perform safely as an ordinary consumer/patient, like Plaintiff, would expect.

d.  Any other acts or failures to act by Defendant Vivint Inc. and Vivint SmartHome regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of V-PANIC2-345 intended use as will be learned during discovery.

35.  The supplier of a product has a duty to use ordinary care to avoid a foreseeable risk of injury caused by a condition of the product or manner in which it is used. This duty is owed to persons who can reasonably be expected to use the product like that of Plaintiff Woodell's use of V-PANIC2-345.

36.  The supplier's duty to use ordinary care continues after the product has left its possession. A supplier who later learns, or in the exercise of ordinary care should know, of a risk of injury caused by a condition of the product or manner in which it could be used.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37.  Plaintiff incorporates by reference all allegations contained in paragraphs 1-36 of the complaint as fully set forth herein.

38.  Defendant Vivint Inc. and Vivint SmartHome is liable to Plaintiff for the negligent infliction of emotional distress as described as follows:

7

a. Plaintiff suffered severe emotional distress, which was as a result of the Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the V-PANIC2-345 for the activation of emergency services use.

b. Plaintiff suffered severe emotional distress, which was as a result of the Defendant's negligent conduct in failing to adequately and safely design and construct an effective and safe V-PANIC2-345 for emergency use.

c. Therefore, Defendant Vivint Inc., and Defendant Vivint SmartHome is liable to Plaintiff.

d. Defendant Vivint Inc. and Vivint SmartHome Inc. conducted in continuing to market, sell and distribute the V-PANIC2-345 after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Defendant Vivint Inc. and Vivint SmartHome and others from similar conduct in the future.

WHEREFORE, Plaintiff demands judgement against the Defendants for damages, costs and a trial by jury.

## COUNT V: DAMAGES

39. Plaintiff incorporates by reference all allegations contained in paragraphs 1-38 of the complaint as fully set forth herein.

40.     The negligent, grossly negligent, careless and/or reckless conduct by Defendants includes, but is not limited to, the following:

    a.     Intentional gross negligent actions;

    b.     Malicious intent;

    c.     Willful or wanton disregard; and

    d.     No concern for Plaintiff's health nor safety.

41.     As a direct and proximate result of the negligent, grossly negligent, careless and/or reckless actions of the Defendants, Plaintiff suffered injuries to her body, both temporary and permanent; endured pain and suffering, both physical and mental; incurred medical expenses, travel expenses to treat the wound, has undergone medical treatment, will undergo medical treatment in the future; has suffered loss of enjoyment of life; have been unable to engage in normal family, social, recreational and household services and activities; lost income; and other damages which will continue into the future. Plaintiff is entitled to compensation for her damages.

42.     Defendants' violation of the New Mexico statutes constitutes negligence as a matter of law.

43.     Defendants' negligence was a proximate cause of the injuries and damages to Plaintiff as described herein above.

44.     Defendants' actions were grossly negligent, willful, wanton or in reckless disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

9

a.  For reasonable compensatory damages, which involves lost wages, medical

expenses and future medical expenses;

b.  For punitive damages;

c.  For pre-judgment and post-judgment interest; and

d.  For the cost of this action, and for such other and further relief that

the Court deems just and proper.

Submitted by:

**ZEBAS LAW FIRM, L.L.C.**
By: *ls/ Joseph M. Zebas*
Joseph M. Zebas, Esq.
P.O. Box 1675
Hobbs, NM 88241
T: 575-393-1024
F: 575-393-1234
joe.zebas@zebaslaw.com
*Attorney for Plaintiff*