IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Patsy Woodell,

    Plaintiff,

v.

Vivint, Inc., Vivint Smart Home;
John Doe Sales Representative;
John Doe Installation Technician;
John and Jane Does I-X; Black and
White Corporations I-X; ABC
Partnerships I-X; and ABC
Organizations I-X,

    Defendant.

Case No. 2:22-cv-00733-GJF-GBW

### DEFENDANT VIVINT, INC.'S MOTION TO STAY MATTER AND COMPEL ARBITRATION

Defendant Vivint, Inc. ("Vivint"), by and through undersigned counsel, hereby files its Motion to Stay Plaintiff's Complaint against it and compel Arbitration, pursuant to the arbitration provision in the operable contract between the parties, and pursuant to 9 U.S.C. § 1, *et seq.*, Utah Uniform Arbitration Act, Utah Code, Title 78B-11-108, and NMSA 1978 § 44-7A-8(a)(e)(g) (2001). Plaintiff's claims against Vivint are based on and arise out from the parties' agreement which provide that the dispute is subject to binding arbitration. Plaintiff's Complaint, therefore, must be stayed as against Vivint, and Plaintiff must be compelled to arbitrate its claims against Vivint in accordance with the contract, with the Court maintaining jurisdiction for the limited purpose of reducing any eventual award to a judgment.

Undersigned counsel consulted with counsel for Plaintiff regarding whether the motion will be opposed on October 4, 2022, and counsel for Plaintiff confirmed it is opposed.

## I.     FACTUAL BACKGROUND

Plaintiff has asserted causes of action for Negligence, Negligent Entrustment, Product Liability, and Negligent Infliction of Emotional Distress. Plaintiff's claims arise from and are based on contracts to provide security and life alert services to Plaintiff. (Exhibit A, Paragraphs 11-13.)

On May 5, 2017, Plaintiff and Vivint entered a System Purchase and Services Agreement ("SPSA") for the installation of a security and emergency alert system (the "System"). (Exhibit B hereto.) The parties entered and executed a Retail Installment Contract ("RIC") on the same day. (Exhibit C hereto.)

The SPSA includes an agreement to resolve disputes by binding arbitration. (Exhibit B, Section 19, p. 2.) The RIC contains a choice of law provision for application of New Mexico and Federal law. ("You agree that the law of the State of New Mexico will govern this transaction, which is the state where the home to be improved is located. Federal law may also apply." (Exhibit C, RIC, p. 2).

The arbitration term set forth in the SPSA provides, "Each party agrees to binding arbitration as the sole and exclusive remedy for any controversy, dispute, or claim of any kind or nature between the parties and their respective affiliates, directly or indirectly arising out of, relating to, or in connection with the Agreement regardless of what legal theory (including with limitation, negligence, breach of contract, breach of warranty or product liability) is used to allege or determine liability for the injury or loss….The arbitration shall not be conducted pursuant to the

Federal Arbitration Act, but shall be conducted in accordance with the arbitration law of the State of Utah. The arbitration shall be administered by Arbitration Services, Inc., under its Consumer Arbitration Rules (www.ArbitrationServicesInc.com). The arbitrator shall award and allocate all costs of the arbitration, including fees of the arbitrator, against the party who did not prevail. Arbitrator is bound by the terms of this Agreement as it relates to available damages and other limitations. Judgment on the arbitration award may be entered in any court having jurisdiction." (Exhibit B, Section 19, p. 2.)

Here, Plaintiff filed a Complaint raising causes of action that are tort claims based on the parties' relationship and transaction. The substance of the claims appears to relate entirely to Vivint's performance of the agreements. Indeed, Plaintiff's allegations of fact all relate to the equipment provided by Vivint to Plaintiff and the services agreed to be provided by Vivint to Plaintiff.

Vivint has demanded that Plaintiff participate in arbitration pursuant to the terms agreed to by the parties. Plaintiff, however, has refused to consent to arbitration, and Vivint seeks an order compelling her to participate in arbitration pursuant to the terms of the SPSA.

II.     **ARGUMENT**

    A.     **Authority Mandates an Order to Compel Arbitration.**

"New Mexico respects party autonomy; the law to be applied to a particular dispute may be chosen by the parties through a contractual choice-of-law provision." *Strausberg v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, ¶ 26, 304 P.3d 409, 416, citing *Fiser v. Dell Computer Corp.*, 2008-NMSC-046, ¶ 7, 144 N.M. 464, 188 P.3d 1215.

The public policy of New Mexico and its statutes and case law are all consistent with the parties' chosen law. Likewise, New Mexico, Utah and federal public policies all weigh heavily in

favor of enforcing arbitration agreements, as set forth in their statutes addressing arbitration, and the case law.

Public policy in New Mexico strongly favors the resolution of disputes through arbitration. "Arbitration is a form of dispute resolution highly favored in New Mexico." *Santa Fe Technologies v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 51, 131 N.M. 772, 778, 42 P.3d 1221 (App. 2001). Arbitration "promotes both judicial efficiency and conservation of resources by all parties." *Id*. See also *Casia v. Dairyland Ins. Co.*, 1999-NMCA-046 ¶ 7, 126 N.M. 772, 975 P.2d 385 (App. 1999) (strong policy in favor of the resolution of disputes by arbitration). There is no federal policy favoring arbitration under a certain set of rules; the federal policy is simply to ensure arbitration agreements are enforced. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 478, 109 S. Ct. 1248 (1989).

Under the FAA, a court must compel arbitration if a party shows that there is an enforceable arbitration clause encompassing the dispute. 9 U.S.C. § 4. The litigation must be stayed until the arbitration is completed. 9 U.S.C. § 3.

> "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

> "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction. . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The FAA has been interpreted and enforced by New Mexico's courts. New Mexico's Court of Appeals noted that "The purpose of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–6 (2006), was to combat 'widespread judicial hostility to arbitration agreements.'" *Clay v. New Mexico Title Loans, Inc.*, 2012-NMCA-102, ¶ 7, 288 P.3d 888, 892.

Under Utah state law, a party may apply for an order to participate in arbitration and to stay any pending proceeding. Utah Code, Title 78B, Chapter 11, § 108(1).

§ 108. Motion to Compel Arbitration.

(1) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitration pursuant to the agreement:
    (a) if the refusing party does not appear or does not oppose the motion, the court shall order the parties to arbitrate;
    (b) if the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

(6) If a party makes a motion to the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section.

(7) If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration.

New Mexico provides a similar procedure for parties to enforce agreements to arbitrate. NMSA 1978 § 44-7A-8(a) (2001) states:

"On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement: (1) if the refusing party does not appear or does not oppose the motion, the court shall order the parties to arbitrate; and (2) if the refusing party opposes motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate."

In New Mexico "An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable and

irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." NMSA 1978 § 44-7A-7(2001). Where parties have agreed to arbitrate, the courts must compel arbitration. *Pueblo of Laguna v. Cillessen*, 1984-NMSC-060 ¶ 12, 101 N.M. 341, 343, 682 P.2d 197, 199, (1984). *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985) ("…a court must compel arbitration of otherwise arbitrable claims when a motion to compel arbitration is made.")

The parties agreed that federal law and New Mexico law apply, with any arbitration being conducted in accordance with the arbitration laws of the State of Utah. Each provide that courts must compel arbitration when an enforceable arbitration provision applies. Nothing about the arbitration provision or the law that the parties agreed to apply is inconsistent with Utah's or New Mexico's own law and procedures for enforcement of arbitration agreements.

As demonstrated herein, Vivint has shown a valid enforceable Agreement exists with an arbitration provision and seeks this Court to compel arbitration pursuant to the controlling public policy and statutes.

**B.      An Enforceable Contract Exists with an Arbitration Provision.**

Under either the New Mexico Arbitration Act or the Utah Uniform Arbitration Act, a legally enforceable contract is a prerequisite to arbitration, and it is the obligation of the party attempting to compel arbitration to demonstrate that a valid agreement exists. *Corum v. Roswell Senior Living, LLC*, 2010-NMCA-105, ¶ 3, 149 N.M. 287, 289, 248 P.3d 329, 331 (N.M. Ct. App. 2010). Here, Plaintiff filed suit seeking relief based on failure to receive the benefits of the contracts she entered into with Vivint, specifically regarding the equipment and services that she purchased from Vivint. (See Exhibits B and C described in her Complaint, Exhibit A, Paragraphs

6

11-14.) Plaintiff alleges that she entered into the the agreements on May 5, 2017. (*Id.* and Exhibits A and B.)

### C. The Parties Agreed to Arbitrate the Dispute.

This Court must determine whether the parties agreed to arbitrate the dispute. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Under New Mexico law each party to a contract has a duty to read and familiarize himself with its contents before he signs and delivers it. *Smith v. Price's Creameries, Div. of Creamland Dairies, Inc.*, 1982-NMSC-102, 98 N.M. 541, 545, 650 P.2d 825, 829. Likewise, the Utah Supreme Court has a well established history in defining a public policy that liberally encourages the broad enforcement of extrajudicial dispute resolution agreements that have been voluntarily entered into. *See eg. Central Florida Investments, Inc. v. Parwest Associates*, 40 P.3d 599 (Utah 2002); *Intermountain Pwer Agency v. Union Pacific R.R. Co.*, 961 P.2d 320, 325 (Utah 1998). Upon her execution of the SPSA, Plaintiff affirmed that she read, understood, and voluntarily agreed to its terms. (Exhibit B, Section 4, p. 1.)

### III. CONCLUSION

Vivint has shown a valid and enforceable agreement with a valid, enforceable, and agreed-to arbitration provision. Plaintiff has refused to arbitrate. As such, Vivint seeks an order staying the Complaint and compelling Plaintiff to arbitration for the claims asserted against Vivint, pursuant to 9 U.S.C. § 1, *et seq.*, Utah Code, Title 78B-11-108, and NMSA 1978 § 44-7A-8(a) (2001).

/ / /

/ / /

/ / /

RESPECTFULLY SUBMITTED this 10th day of October, 2022.

                                LORBER, GREENFIELD & POLITO, LLP

                                By:   */s/Louis W. Horowitz*
                                       Louis W. Horowitz, F.B.N. 14-7
                                       820 Second Street NW
                                       Albuquerque, NM 87102
                                       Telephone: (505) 307-4332
                                       Facsimile: (505) 213-0144
                                       lhorowitz@lorberlaw.com
                                       *Counsel for Defendant Vivint, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of October, 2022, I filed the foregoing using CM/ECF which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joseph M. Zebas, Esq.
ZEBAS LAW FIRM, L.L.C.
P.O. Box 1675
Hobbs, NM 88241
Joe.zebas@zebaslaw.com
*Counsel for Plaintiff*

                                                  */s/Louis W. Horowitz*
                                                  Louis W. Horowitz