IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Patsy Woodell,

      Plaintiff,

v.                                                          Case No. 2:22-cv-00733-JCH-GBW

Vivint, Inc., Vivint Smart Home;
John Doe Sales Representative;
John Doe Installation Technician;
John and Jane Does I-X; Black and
White Corporations I-X; ABC
Partnerships I-X; and ABC
Organizations I-X,

      Defendant.

**DEFENDANT VIVINT, INC.'S REPLY IN SUPPORT OF MOTION
TO STAY MATTER AND COMPEL ARBITRATION**

COMES NOW Defendant Vivint, Inc. ("Vivint"), by and through undersigned counsel, and hereby files its Reply in Support of its Motion to Stay Plaintiff's Complaint against it and compel Arbitration. Plaintiff has not disputed that the arbitration provision is part of the parties' agreement, and has not disputed that the claim is within the scope of the agreement. Plaintiff has cited to standards regarding unconscionability and one-sided terms but has not identified any objectionable term. Her argument is that she did not have actual notice of the terms included in the agreement. Plaintiff's argument does not provide a basis to deny the motion.

**I.**     **Applicable Law**

Plaintiff has argued that there is confusion or inconsistency in the choice of law provision. First, there is none. Second, Plaintiff has not shown how any potentially applicable legal standard

1

would support denial of the Motion. Each provision of federal law, New Mexico state law, and Utah state law promotes and supports the enforcement of arbitration provisions.

There is no confusion or inconsistence. The contract calls for application of New Mexico law <u>substantively</u> ("You agree that the law of the state of New Mexico will govern this transaction,") and for Utah law procedurally for the arbitration proceeding ("The arbitration…shall be conducted in accordance with the arbitration law of the State of Utah.") (See Motion, pp. 2-3.)

As addressed in detail in the Motion (See discussion at pp. 4-6), every potentially applicable statute provide that the court must compel arbitration when an enforceable agreement applies.

**II.     Plaintiff has not Raised Any Argument that Supports a Finding that the Agreement to Arbitrate is not Enforceable**

Plaintiff has not argued that the agreement is procedurally or substantively unconscionable based on recognized standards. Plaintiff instead has raised multiple arguments which all flow from her claim that the text of the provision was small. Plaintiff has not identified any ground to invalidate the arbitration provision or the entire contract.

Plaintiff argues that the arbitration clause is <u>printed in a small font</u> and therefore the provision is unconscionable. Plaintiff further argues that the inclusion of terms in a "small font" constitutes bad faith and somehow invalids the contract.

As noted in the original Motion, Plaintiff affirmed that she read, understood, and voluntarily agreed to the terms of the contract. (Motion, p. 7, and Exhibit B, Section 4, p. 1.) Plaintiff's counsel asserts a lack of knowledge but has not submitted any evidence to show that she did not or could not have read the provision at issue. New Mexico law provides "that each party to a contract has a duty to read and familiarize himself with the contents of the contract, each

would support denial of the Motion. Each provision of federal law, New Mexico state law, and Utah state law promotes and supports the enforcement of arbitration provisions.

There is no confusion or inconsistence. The contract calls for application of New Mexico law <u>substantively</u> ("You agree that the law of the state of New Mexico will govern this transaction,") and for Utah law procedurally for the arbitration proceeding ("The arbitration…shall be conducted in accordance with the arbitration law of the State of Utah.") (See Motion, pp. 2-3.)

As addressed in detail in the Motion (See discussion at pp. 4-6), every potentially applicable statute provide that the court must compel arbitration when an enforceable agreement applies.

**II.     Plaintiff has not Raised Any Argument that Supports a Finding that the Agreement to Arbitrate is not Enforceable**

Plaintiff has not argued that the agreement is procedurally or substantively unconscionable based on recognized standards. Plaintiff instead has raised multiple arguments which all flow from her claim that the text of the provision was small. Plaintiff has not identified any ground to invalidate the arbitration provision or the entire contract.

Plaintiff argues that the arbitration clause is <u>printed in a small font</u> and therefore the provision is unconscionable. Plaintiff further argues that the inclusion of terms in a "small font" constitutes bad faith and somehow invalids the contract.

As noted in the original Motion, Plaintiff affirmed that she read, understood, and voluntarily agreed to the terms of the contract. (Motion, p. 7, and Exhibit B, Section 4, p. 1.) Plaintiff's counsel asserts a lack of knowledge but has not submitted any evidence to show that she did not or could not have read the provision at issue. New Mexico law provides "that each party to a contract has a duty to read and familiarize himself with the contents of the contract, each

party generally is presumed to know the terms of the agreement, and each is ordinarily bound thereby." *Ballard v. Chavez*, 117 N.M. 1, 3, 868 P.2d 646, 648 (1994).

As noted in the Motion (Motion, p. 6), Plaintiff's claim in this suit is to seek the benefit of the contract. Plaintiff is receiving the benefits of the agreement and seeking to enforce them, which is inconsistent with any claim that the entire contract is unconscionable.

Plaintiff also argues that the contract is overall unenforceable because it was not entered into "in good faith." There is no evidence presented to suggest a lack of good faith.

Plaintiff cites to a standard for invalidating arbitration provisions which are <u>one-sided</u> from NMSA § 55-2-302. Plaintiff does not explain what part of the arbitration provision she contends is one-sided. She argues the "circumstances surrounding the formation of the contact" were "one-sided." The issue regarding a one-sided arbitration agreement in all relevant New Mexico cases is whether the agreement would require one party to arbitrate their claims while excluding the other side. *See Peavy by Peavy v. Skilled Healthcare Grp., Inc.*, 2020-NMSC-010, 470 P.3d 218. Here, all claims for both parties to the contract are subject to the provisions of the agreement, and Plaintiff has not argued otherwise.

Plaintiff asserts that "The parties never agree to such terms or governing law because the terms were unconscionable," but does not explain any term that is unconscionable.

## III. <u>Conclusion</u>

For the reasons set forth in the Motion and herein, Vivint seeks an order staying the Complaint and compelling Plaintiff to arbitration for the claims asserted against Vivint, pursuant to 9 U.S.C. § 1, *et seq.*, Utah Code, Title 78B-11-108, and/or NMSA 1978 § 44-7A-8(a) (2001).

3

Respectfully submitted this 30th day of November, 2022.

                        LORBER, GREENFIELD & POLITO, LLP

                        By:   */s/Louis W. Horowitz*
                              Louis W. Horowitz, F.B.N. 14-7
                              100 Sun Ave NE, Suite 650
                              Albuquerque, NM  87109
                              Telephone: (505) 307-4332
                              Facsimile: (505) 213-0144
                              lhorowitz@lorberlaw.com
                              *Counsel for Defendant Vivint, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of November, 2022, I filed the foregoing using CM/ECF which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joseph M. Zebas, Esq.
ZEBAS LAW FIRM, L.L.C.
P.O. Box 1675
Hobbs, NM 88241
Joe.zebas@zebaslaw.com
*Counsel for Plaintiff*

                                              */s/Louis W. Horowitz*
                                              Louis W. Horowitz